# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PAUL SCOTT KLEIN,<br><br>                      Plaintiff,<br><br>    v.<br><br>DWIGHT NEVEN, *et al.*,<br><br>                      Defendants. | Case No. 2:17-cv-02055-KJD-VCF<br><br>ORDER |

Presently before the Court are Plaintiff's Motions for Temporary Restraining Order and for Preliminary Injunction (#3/4). Defendants filed a response in opposition (#9/10) to which Plaintiff replied (#12).

**I. Analysis**

The essential remaining claims that are the subject of Plaintiff's present motions are Eighth Amendment claims based on unsanitary prison conditions. The sum of Plaintiff's complaint is that he does not have sufficient cleaning supplies and the lack of cleanliness leads to disease. The Court has already found that Plaintiff has stated an adequate claim on these issues.

Temporary restraining orders and preliminary injunctions are governed by the same standard. See Dumas v. Gommerman, 865 F.2d 1093, 1095 (9th Cir. 1989). To qualify for injunctive relief, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of hardships favors plaintiff; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, 555 U.S. 7, 120 (2008); eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).

In response to Plaintiff's motion, Defendants assert that they are providing adequate cleaning supplies in accordance with the Administrative Regulations. They also assert that they have moved Plaintiff to a different housing unit. They also assert that they have alleviated some

1  problems by purchasing new shower curtains and have included the affidavits of prison staff
2  averring to the cleanliness of Plaintiff's unit. Plaintiff's response included over one hundred
3  pages of older (more than two years old) grievances. However, the response did contain several
4  current affidavits from fellow inmates asserting that the current conditions in Unit 12 were not
5  sanitary.

However, none of the affidavits mention the pigeon problem that was a major part of Plaintiff's complaint and motion. While the availability of adequate cleaning materials appears to by cyclical – more available on some days than others – it appears that the current conditions on a day-to-day basis do not rise to the level of a constitutional violation. That is not to say that Plaintiff will be unable to prove a constitutional violation after discovery, but the likelihood of success on the merits and balance of hardships does not tip in Plaintiff's favor. "[C]onditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.' " Budd v. Motley, 711 F.3d 840, 842 (7th Cir. 2013) (citing Wilson v. Seiter, 501 U.S. 294, 304 (1991); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006); Murphy v. Walker, 51 F.3d 714, 721 (7th Cir. 1995)).

Accordingly, the Court denies Plaintiff's motion for a temporary restraining order and preliminary injunction without prejudice. It is entirely likely that the parties are able to come to a mutually agreeable and enforceable solution to the sanitation problem in the housing units at the Inmate Early Mediation Conference on November 2, 2018. Failure to do so or failure to mediate in good faith by either party could result in the Court granting injunctive relief in the future based on the current conditions of Plaintiff's confinement.

///
///
///
///
///
///

**II. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motions for Temporary Restraining Order and for Preliminary Injunction (#3/4) is **DENIED without prejudice**.

Dated this 28th day of September, 2018.

_____
The Honorable Kent J. Dawson
United States District Judge